UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
KENSINGTON INTERNATIONAL LIMITED,)
                                 )
          Plaintiff,             )
                                 )
               v.                ) Case No. 05-mc-509 (EGS)
                                 )
                                 )
REPUBLIC OF CONGO, et al.,       )
                                 )
          Defendants.            )
_____)
```

### ORDER

Upon consideration of Minister Pacifique Issoibeka and defendant's Motion to Quash Subpoena, and the response and reply thereto, it is **ORDERED** that the Motion to Quash is **GRANTED**.

"On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person . . . ." Fed. R. Civ. Pro. 45(c)(3)(A)(ii). The Minister resides in Brazzaville, Congo, and that city is his usual place of business. The Notice of Deposition states that the deposition will be held in Washington, D.C., clearly more than 100 miles from Congo.

Plaintiff urges the Court to consider the Minister an "officer" of the Congo, using the factors for determining whether

an individual is a "managing agent" for purposes of Federal Rules 30 and 37.  Plaintiff has provided the Court with no precedential authority, however, for engaging in this chain of reasoning.

To the contrary, the Minister does not appear to be simply the "managing agent" of a corporation, but rather a cabinet level official.  Oral deposition of cabinet level officials is quite unusual and should not be authorized "absent some showing of need for oral testimony from the Ministers."  *See In re Minister Papandreou*, 139 F.3d 247, 253 (D.C. Cir. 1998); *Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985).  Plaintiff has made no such showing in this case.

Because there is no possible modification that could make the subpoena valid, the Minister's Motion to Quash is **GRANTED**.

**Signed:**    **EMMET G. SULLIVAN**
               **UNITED STATES DISTRICT JUDGE**
               **April 7, 2006**